WILMANE JEAN,

      Petitioner,

v.

                              Case No:  2:16-cv-137-FtM-29CM
                               Case No. 2:11-CR-97-FTM-29CM

UNITED STATES OF AMERICA,

      Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #663)[1] filed on February 16, 2016.  The government filed a Response in Opposition to Motion (Cv. Doc. #7) on March 24, 2016.  The petitioner filed a Reply (Cv. Doc. #11) on June 6, 2016.  For the reasons set forth below, the motion is denied.

## I.

On September 5, 2012, a federal grand jury in Fort Myers, Florida returned a twelve-count Second Superseding Indictment (Cr. Doc. #282) charging petitioner and his co-defendants with various offenses.  Count One charged petitioner and others with conspiracy

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

to manufacture, possess with intent to distribute, and to distribute 280 grams or more of cocaine base, also known as crack cocaine, between 2009 and October 2011. In addition to the conspiracy, petitioner was charged in Count Four with distribution of crack cocaine, and in Count Five with distribution and aiding and abetting the distribution of crack cocaine.

On day nine of an eleven-day jury trial, the Court granted petitioner's Rule 29 motion for judgment of acquittal as to Count Four. (Cr. Doc. #497, p. 83.) On October 5, 2012, the jury returned a Verdict (Cr. Doc. #383) finding petitioner and others guilty of the conspiracy charged in Count One, and petitioner guilty of the distribution and aiding and abetting distribution of crack cocaine charged in Count Five.

On April 12, 2013, the Court sentenced petitioner to 120 months imprisonment as to each count (Counts One and Five), to be served concurrently, followed by concurrent terms of supervised release. (Cr. Docs. #520, 523.) This sentence was the mandatory minimum sentenced allowed under 21 U.S.C. § 841(b)(1)(A)(iii), but was below the applicable Sentencing Guideline range of 151 to 188 months imprisonment. The Court determined that a variance was appropriate given defendant's age at the time of the offense, his lack of criminal history, and the comparison of his conduct with the conduct of the other members of the conspiracy who had greater

roles and criminal histories. (Cr. Doc. #669.) Judgment (Cr. Doc. #523) was filed on April 15, 2013.

Petitioner filed a Notice of Appeal (Cr. Doc. #525), and raised two issues on direct appeal: (1) whether the trial court wrongfully denied petitioner's motion to suppress, which challenged the authorization for a wiretap; and (2) whether the trial court erred when it allowed the use of transcripts of tape recorded jail telephone calls. (Case No. 13-10471.) On June 25, 2015, the Eleventh Circuit affirmed petitioner's conviction and sentence. (Cr. Doc. #627); United States v. Hyppolite, 609 F. App'x 597 (11th Cir. 2015). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

On February 16, 2016, petitioner filed his timely Motion under § 2255.

## II.

Petitioner raises claims of ineffective assistance of counsel both at sentencing and on direct appeal. Petitioner claims that his attorney provided ineffective assistance as to sentencing because (1) counsel failed to object to the amount of crack cocaine attributed to him for sentencing purposes (Ground 3); and (2) counsel failed to object to the two level enhancement under § 2D1.1 of the Sentencing Guidelines (Ground 4). Petitioner also claims that his appellate attorney provided ineffective assistance of counsel because he failed to argue that (1) that there was

insufficient evidence of petitioner's guilt as to the conspiracy charged in Count One (Ground One); (2) there was insufficient evidence to convict petitioner on Count Five (Ground Two); and (3) the trial court improperly attributed the entire amount of drugs to petitioner (Ground 3).[1]

**A. Evidentiary Hearing Standard**

A district court shall hold an evidentiary hearing on a habeas corpus petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ."  28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted).  However, a district court is not required to hold an evidentiary hearing where the petitioner's allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record.  Id. at 715.

A hearing is not necessarily required whenever ineffective assistance of counsel claims are asserted.  Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008).  To establish

---

[1] The government's assertion that the issues are procedurally defaulted (Cv. Doc. #7, p. 12) is without merit.  Massaro v. United States, 538 U.S. 500 (2003).

entitlement to an evidentiary hearing for such claims, petitioner must "allege facts that would prove both that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance."  Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015).

## B. Ineffective Assistance of Counsel Standard

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established.  To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different.  Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).  "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them."  Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all

the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. See also Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (the Court looks to facts at the time of counsel's conduct). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the

deficient performance resulted in prejudice.  <u>Joiner v. United States</u>, 103 F.3d 961, 963 (11th Cir. 1997).  Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel.  <u>Diaz v. Sec'y for the Dep't of Corr.</u>, 402 F.3d 1136, 1144-45 (11th Cir. 2005).

## III.

### A. Evidentiary Hearing

The record of the case establishes that petitioner is not entitled to relief.  Therefore, the Court finds that an evidentiary hearing is not warranted.

### B. Ineffective Assistance of Counsel At Sentencing

### (1)  Ground Three:  Quantity of Crack Cocaine

Petitioner argues that counsel provided ineffective assistance in connection with sentencing when he failed to object to the finding that the entire amount of crack cocaine was attributable to him for sentencing purposes, and that the district court failed to make individual findings as to the quantity of drugs attributable to each defendant.  Had his attorney done so, petitioner argues, there is a great possibility he would have received a sentence under 120 months imprisonment (Cv. Doc. #2, pp. 6-7.)

The Court finds no ineffective assistance of trial or appellate counsel as to this claim because there was neither

deficient performance nor prejudice to petitioner.  Therefore,
Ground Three is denied.

The jury found beyond a reasonable doubt that the amount of
cocaine base involved in the conspiracy exceeded 280 grams.  (Cr.
Doc. #383.)  This determination had two impacts on petitioner's
sentence.  First, this jury finding made all defendants, including
petitioner, subject to a statutory mandatory minimum sentence of
120 months.  21 U.S.C. § 841(b)(1)(iii)[2].  Second, the Presentence
Report (Cr. Doc. #622) determined the Base Offense Level by using
a drug quantity of at least 280 grams of cocaine base.  (Cr. Doc.
622, ¶61.)  The Eleventh Circuit rejected the argument that the
government had to show the particular quantity of drugs
attributable to each defendant for purposes of establishing a
conspiracy.  Hyppolite, 609 F. App'x at 603 n.4 (citing United
States v. Curbelo, 726 F.3d 1260, 1268-1271 (11th Cir. 2013)).
"[T]he Government only needed to prove Defendant joined a
conspiracy that had the "object" of manufacturing or possessing
with intent to distribute" the crack cocaine.  Curbelo, 726 F.3d
at 1269.  Thus, petitioner's counsel did not provide deficient

---

2 Apprendi v. New Jersey, 530 U.S. 466 (2000) requires that, other
than the fact of a prior conviction, any fact that increases the
penalty for a crime beyond the prescribed statutory maximum must
be submitted to a jury and proved beyond a reasonable doubt.
Similarly, Alleyne v. United States, 570 U.S. 99, 107 (2013) held
that judicial factfinding that increased the applicable statutory
mandatory-minimum sentence was permissible under the Sixth
Amendment.

performance in failing to raise the individualized drug quantity finding issue at the sentencing hearing.

Additionally, in light of the jury's determination that petitioner's conspiracy involved 280 grams or more of cocaine base, petitioner was not eligible for a sentence under 120 months imprisonment. Petitioner has therefore failed to establish any prejudice from the failure to object because he was legally precluded from receiving a lower sentence than he received.

Ground Three of the § 2255 Motion is denied as to trial counsel and appellate counsel.

**(2) Ground Four: Sentence Enhancement**

Petitioner argues that trial counsel provided ineffective assistance because counsel failed to object to the two level enhancement under Sentencing Guidelines § 2D1.1 for making a credible threat of violence. Petitioner argues that the testimony relied upon by the government was unreliable and insufficient, and that he should have been sentenced without the enhancement.

At sentencing, petitioner's Base Offense Level was a level 32 based on the amount of crack cocaine involved in the conspiracy, i.e., more than 280 grams. (Cr. Doc. #622, ¶ 61.) Two levels were added pursuant to United States Sentencing Guidelines § 2D1.1(b)(2) for the use of violence, a credible threat to use violence, or if defendant directed the use of violence. (Id., ¶ 62.) With a Total Offense Level of 34 and a Criminal History

Category I, the guideline range was 151 to 188 months.  (Id., ¶ 104.)  The sentencing court granted a variance, and sentenced petitioner to the statutory mandatory minimum of 120 months imprisonment.

Petitioner cannot show deficient performance because his attorney did object to the two-level enhancement.  Trial counsel filed a written objection prior to sentencing regarding the use of violence or threats of violence enhancement, and also made argument on the issue at the sentencing hearing.  (Cr. Doc. #622, Addendum, p. 28; Cr. Doc. #563, pp. 4-7.)  The Court overruled the objection and found that the enhancement was supported by evidence that arose to at least a preponderance of the evidence and overruled the objection to the enhancement.  (Id., p. 15.)  At trial, Michael Hester had testified:

> K.K., he was kind of hostile, and I think he
> had drawed a pistol once. I had seen him, he
> was gonna shoot me one night. Because I was
> over in Linda Loma, where they had another TI
> in the back, and he had came out in front, him
> and Luck, and Luck was like, you know, just
> leave it alone. Leave it alone. But I seen the
> pistol.

(Cr. Doc. #491, pp. 90-91.)  Michael Hester identified K.K. in-court as being Wilmane Jean.  (Id., p. 91.)  At sentencing, the government corroborated the testimony with a transcript of a phone call conversation between Rick Jean and Wilmane Jean wherein

petitioner said "I looked, my eyes went into attack, I lunged at" Michael Hester.  (Cr. Doc. #563, p. 11.)

Further, petitioner cannot show prejudice because he received a below-Guidelines sentence, and could not have received a lower sentence even if the objection had been sustained.  Without the enhancement, the Sentencing Guidelines would have been a Total Offense Level of 32, his Criminal History Category would remain I, and the resulting range of imprisonment would have been 121 to 151 months.   The Court sentenced petitioner to 120 months imprisonment, which was the statutory minimum mandatory for Count One, to be served concurrently with the sentence imposed for Count Five.  (Id., pp. 20-21.)

Ground Four of the § 2255 motion is denied.

## C.  Ineffective Assistance of Appellate Counsel

Petitioner also claims that his appellate attorney provided ineffective assistance because he failed to argue (1) that there was insufficient evidence of petitioner's guilt as to the conspiracy in Count One; (2) there was insufficient evidence to convict petitioner on Count Five; and (3) the court erred as to the calculation of the amount of drugs attributable to petitioner.

**(1) Ground One:  Insufficient Evidence to Support Count One**

The decision of appellate counsel not to challenge the sufficiency of the evidence as to the conspiracy count was not deficient performance.

> In reviewing the sufficiency of the evidence to support the jury verdict, we view the evidence in the light most favorable to the government . . . all reasonable inferences and credibility choices are made in the government's favor. Id. Accepting all reasonable inferences from the evidence which support the verdict, we will affirm the convictions if a reasonable fact-finder could have reached a conclusion of guilt beyond a reasonable doubt. United States v. Lopez, 985 F.2d 520, 524 (11th Cir. 1993). It is not necessary for the government to disprove every reasonable hypothesis of innocence, as a jury is "free to choose among reasonable constructions of the evidence." United States v. Jones, 913 F.2d 1552, 1557 (11th Cir. 1990).

United States v. Majors, 196 F.3d 1206, 1210 (11th Cir. 1999); United States v. Foster, 15-14084, 2018 WL 286351, at *3 (11th Cir. Jan. 4, 2018) (quoting Majors).

The principles of review of the sufficiency of the evidence of a single conspiracy are also clear:

> To determine whether a jury could reasonably have found that this evidence established a single conspiracy beyond a reasonable doubt, we must consider: "(1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the overlap of participants." [United States v. Moore, 525 F.3d 1033, 1042 (11th Cir. 2008)] (emphasis in original).  It is important to note that "[s]eparate transactions are not necessarily separate

conspiracies, so long as the conspirators act in *concert* to further a common goal. If a defendant's actions facilitated the endeavors of other co-conspirators, or *facilitated the venture as a whole,* a single conspiracy is established." Id. "It is irrelevant that particular conspirators may not have known other conspirators or may not have participated in every stage of the conspiracy; all that the government must prove is an agreement or common purpose to violate the law and intentional joining in this goal by coconspirators." [United States v. Edouard, 485 F.3d 1324, 1347 (11th Cir. 2007)] (internal quotations and citations omitted). Moreover, this Court has held that a jury may find that a single conspiracy existed when "a 'key man' directs and coordinates the activities and individual efforts of various combinations of people." Id.

United States v. Richardson, 532 F.3d 1279, 1284–85 (11th Cir. 2008).

Appellate counsel's decision to forego this issue was reasonable since there was ample evidence of the conspiracy in this case. The Eleventh Circuit specifically found "unavailing" the argument that the evidence was insufficient to establish a single conspiracy. Hyppolite, 609 F. App'x at 603 n.4. While petitioner is correct that mere presence is insufficient to establish a conspiracy, United States v. Jiminez, 564 F.3d 1280, 1285 (11th Cir. 2009), the evidence presented at petitioner's trial indicated much more than mere presence. The jury was also specifically instructed that mere presence was not enough:

But simply being present at the scene of an event or merely associating with certain

> people and discussing common goals and
> interests does not establish proof of a
> conspiracy. Also a person who does not know
> about a conspiracy but happens to act in a way
> that advances some purpose of one does not
> automatically become a conspirator.

(Cr. Doc. #378, pp. 12-13.) The jury found that a conspiracy

existed and petitioner was a participant, and the Court does not

find error in the attorney's choice of appellate issues.

Ground One of the § 2255 motion is denied.

**(2) Ground Two: Insufficient Evidence to Support Count Five**

Petitioner argues his appellate attorney provided ineffective

assistance by failing to argue the evidence as to Count Five was

insufficient. Petitioner asserts that it was the confidential

informant who placed the call and lied, and therefore the evidence

is insufficient to support the finding that petitioner distributed

or aided and abetted distribution of crack cocaine. (Cv. Doc. #1,

p. 5; Cv. Doc. #2, p. 6.)

Appellate counsel did not provide ineffective assistance by

failing to raise this issue on appeal. The evidence, believed by

the jury and therefore viewed in the light most favorable to the

government, was clearly sufficient under the standards set forth

above.

This count relied largely on the testimony of Nancy Blakely,

and was at least partially corroborated by recordings.[3] Defense

---

3 The Eleventh Circuit found no abuse in discretion in admitting

counsel argued to the jury that Blakely was not credible (Cr. Doc.

#498, pp. 127-129), but this was rejected by the jury.  There is

a demanding standard when attempting to undermine such testimony.

> Credibility determinations are for the jury,
> and we typically will not review such
> determinations. United States v. Copeland, 20
> F.3d 412, 413 (11th Cir. 1994). Where the
> argument is that the jury based its conviction
> on inconsistent testimony or incredible
> government witnesses, the appellant must show
> the testimony was "incredible as a matter of
> law." United States v. Calderon, 127 F.3d
> 1314, 1325 (11th Cir. 1997). For testimony to
> be "incredible as a matter of law," it must be
> unbelievable on its face, i.e., "testimony as
> to facts that the witness could not have
> possibly observed or events that could not
> have occurred under the laws of nature." Id.
> (quotations and alteration omitted).
> Moreover, a witness's testimony is not
> incredible just because he "has consistently
> lied in the past, engaged in various criminal
> activities, and thought that his testimony
> would benefit him." Id. (quotations and
> alteration omitted).

United States v. Castillo, 278 F. App'x 992, 994 (11th Cir. 2008).

The jury weighed the credibility of the testimony of Nancy Blakely,

and the testimony was not unbelievable on its face.

Petitioner also argues that the government stated "Rick Jean

sold the drugs, not Wilmane Jean" during closing arguments.

However, petitioner takes the statement out of context, which is

---

transcripts of recordings of various conversations, including
recordings from jail conversations and during controlled
purchases.  Hyppolite, 609 F. App'x at 603 n.4.

followed by "Why would she say I called your brother? Again, both ends of that communication, and that transaction, charged those two individuals." (Cr. Doc. #498, p. 164.)

The Court finds no reasonable probability that the result would have been different if the issue had been raised on appeal. This ground will be denied as without merit.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #663) is **DENIED** on all grounds.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of January, 2018.

 

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA